

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

**FILED**

JAN 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

December 19, 2006

Jonathan Jeffress, Esquire
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
fax copy also to: 208-7515 (this page followed by 10 additional pages)

Re:  United States of America v. Chiedozie F. Unachukwu
     ~~1:06-mj-482~~ 06-358

Dear Counsel:

This letter sets forth the full and complete plea offer to your client, Chiedozie F. Unachukwu, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on January 12, 2006. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

### Charges and Statutory Penalties

1. Your client agrees to waive indictment and plead guilty to the criminal information in this case, in which he is charged with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b).

2. Your client understands that (1) pursuant to that statutory provision, the charge carries a maximum prison term of 30 years; (2) pursuant to 18 U.S.C. § 3571(b), a maximum fine of $250,000; (3) pursuant to 18 U.S.C. § 3583(k), a maximum period of supervised release for any term of years or life; and (4) pursuant to 18 U.S.C. § 3013(a)(2)(A), a special assessment of $100. There is also an obligation to pay applicable interest and penalties on fines and assessments not timely paid.

3. In consideration of your client's guilty plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

### Factual Stipulations

4. Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the guilty plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Sentencing Guidelines Stipulations

5. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2006) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to rule 11(c)(1)(B) of the Federal Rule of Criminal Procedure, and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

(1) Offense Level Under the Guidelines

Pursuant to U.S.S.G. § 2G1.3(a), the base offense level is 24, and pursuant to U.S.S.G. § 2G1.3(b)(3), a two-level upward adjustment is appropriate.

(2) Acceptance of Responsibility: 3-point reduction

Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a two-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

(3) Guideline Departures

Under the Sentencing Guidelines an upward departure from the applicable Guidelines range is not warranted, but a downward

departure of up to six (6) months is warranted, based on your client's status as a removable alien, pursuant to <u>United States v. Smith</u>, 307 U.S. App. D.C. 199, 27 F.3d 649 (1994), and U.S.S.G. § 5K2.0(2)(B). The parties agree that no other downward Guidelines departure is appropriate.

### Agreement as to Sentencing Allocution

6. The parties further agree that a prison sentence within the range established by the applicable Guidelines range, and taking into consideration the departure discussed supra in paragraph 5, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). In addition, neither party will seek a sentence outside of that range or suggest that the Court consider a sentence outside that range. Nothing in this Agreement limits the right of the parties to make any arguments regarding where within that range the defendant should be sentenced.

### Court Not Bound by the Plea Agreement

7. It is understood that pursuant to Rule 11(c)(1)(B) and (c)(3) of the Federal Rules of Criminal Procedure, the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

8. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw his plea of guilty should the Court impose a sentence above the Guidelines range.

### Deportation and Removal

9. Your client agrees that the Court may enter a stipulated judicial order of removal, pursuant to 8 U.S.C. § 1228©, and agrees to execute those documents necessary to implement your client's removal. Your client specifically waives the right to notice and a hearing under the Immigration and Nationality Act and stipulates to the entry of a judicial order of removal from the United States as a condition of the Plea Agreement and as a condition of probation or supervised release. Your client further understands and agrees that the filing of any applications for relief from removal, deportation, or exclusion, either written or oral, or the prosecution of any pending applications, before any federal court, the Board of Immigration Appeals, an immigration judge, or U.S. Immigration and Customs Enforcement shall breach this Plea Agreement.

### Release/Detention

10. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

### Breach of Agreement

11. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; © your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to rule 11 of the Federal Rules of Criminal Procedure.

12. Your client acknowledges discussing with you Rule 11(f) of the Federal Rule of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later

withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

13. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

14. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

15. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

16. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

17. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

18. Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

19. If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
Michael C. Liebman
Assistant United States Attorney
353-2385

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Jonathan Jeffress, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: _____     _____
                          Chiedozie F. Unachukwu, defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: _____     _____
                          Jonathan Jeffress, Esquire
                          Assistant Federal Public Defender
                          Attorney for defendant Chiedozie F. Unachukwu

7

<u>Statement of Offense</u>

On November 16, 2006, Metropolitan Police Department Detective Timothy Palchak was working in an undercover capacity at a computer located in Washington, D.C., was using the screen name "lilmandygrl_dc," and was logged into an internet chat room. At approximately, 5:51 p.m., defendant Chiedozie F. Unachukwu, using the screen name "freddyuna," initiated contact in "private" space in the chatroom with lilmandygrl_dc. The defendant communicated to lilmandygrl_dc that he was 23 years old, a male, and was in Hyattsville, Maryland. Detective Palchak communicated in response that lilmandygrl_dc will "be 14" years old, and was in D.C., by Catholic University.

Beginning at approximately 6:19:19 p.m., the defendant and Detective Palchak, posing as "lilmandygrl_dc," engaged in the following private "chat" communications:

| | |
|---|---|
| freddyuna: | I would like loved [sic] to fuck but u are 14[.] not sure if u have started developing hair and stuff |
| lilmandygrl_dc: | I understand[,] its kool if u don't wanna. |
| freddyuna: | do u want to? with condom? |
| lilmandygrl_dc: | yeah I do[;] just don't wanna get pregnant |
| freddyuna: | ok. . . do you think u can take big dick? |
| lilmandygrl_dc: | as long as it don't hurt in [sic] kool |
| freddyuna: | its going to hurt a little since it's ur first time. . . but a lot fun |

8

After exchanging additional sexually explicit communications, the following exchange, beginning at approximately 6:28:30 p.m., occurred:

| | |
|---|---|
| lilmandygrl_dc: | well im going to go outside in a bit and get out of this apartment |
| freddyuna: | oh. . . . ok[.]  when do you want to see me? |
| lilmandygrl_dc: | well don't have a car[,] do u? |
| freddyuna: | I do have a new car |
| lilmandygrl_dc: | kool[,] well its up to you ill be here |
| freddyuna: | where are we going to be. . . in the car? |
| lilmandygrl_dc: | if u want unless us can think of something else[;] what kinna car |
| freddyuna: | '07 toyota camry |
| lilmandygrl_dc: | kool[,] sounds like fun |
| freddyuna: | when is the max time you can be outside?  11 PM? |
| lilmandygrl_dc: | lol [i.e., laugh out loud]  how did u know |
| freddyuna: | just a guess |
| lilmandygrl_dc: | good guess |
| freddyuna: | kool[,] so. . . how about tomorrow night? |
| lilmandygrl_dc: | well tomorow [sic] might be bad cause I might be going to my dads[.]  its kool if u don't want to |
| freddyuna: | I want to. . . . what's ur address?  or an address we can meet |
| lilmandygrl_dc: | what time u wanna meet[;] I just need to take a shower[;] im going to give u an address a few buildings fown [sic] from mine[;] kool[,] ill be outside |

| | |
|---|---|
| freddyuna: | I have a class tonight . . . . . that ends at 9:30 p.m. and I'm about to go[.] do you have a phone? cell? |
| lilmandygrl_dc: | just her cell but im not going to use that[;] she is to [sic] nosey[;] ill leave this on and wait for u[,] if you wanna to do [sic] it |
| freddyuna: | ok I will be back on after the class. . . . ok? |
| lilmandygrl_dc: | ok kool |
| freddyuna: | can't wait to fuck! |

The chat session ended at approximately 6:37:54 p.m.

At approximately 9:43:18 p.m., the defendant re-contacted lilmandygrl_dc in the private space of the same internet chat room, and asked "her" for her address. Detective Palchak communicated in response the address of 101 Franklin Street, N.E. The defendant responded he would be there at about 10:30.

At approximately 10:40 p.m., the defendant was pulled over by MPD officers in a traffic stop in the 100 block of Franklin Street, N.E., Washington, D.C., and placed under arrest. He had been driving a white 2007 Toyota Camry. In a subsequent statement to the police he acknowledged engaging in the sexually explicit internet communications with "lilmandygrl_dc," stated he resided in Hyattsville, Maryland, and further stated he had driven that night from Baltimore, Maryland, where he was in school, prior to being stopped in the 100 block of Franklin Street.

<u>Defendant's Acceptance of Statement of Offense</u>

  I have read this Statement of Offense and Factual Proffer and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this and all matters relating to it. I fully understand this Statement of Offense and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those in the plea agreement filed in connection with this case.

Date: _____  _____
              Chiedozie F. Unachukwu, defendant


<u>Defense Counsel's Acknowledgment</u>

  I am the attorney for defendant Chiedozie F. Unachukwu. I have reviewed every part of this Statement of Offense with him. It accurately and completely sets forth the Statement of Offense and agreed to by the defendant and the government.

Date: _____  _____
              Jonathan Jeffress, Esquire
              Assistant Federal Public Defender
              Attorney for defendant Chiedozie F. Unachukwu