IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | Criminal No. 06-358 (GK) |
| | ) | |
| **CHIEDOZIE UNACHUKWU,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO CONTINUE SENTENCING

Defendant, Chiedozie Unachukwu, respectfully submits this Reply in support of his Motion to Continue the Sentencing in this matter.

In support of this Reply, undersigned counsel submits as follows:

1. Respectfully, the government's Opposition fails to provide any good faith reason for why the date of Mr. Unachukwu's sentencing should not be continued. A continuance would apparently cause no inconvenience for the government. Furthermore, the government does not allege–nor could it–that Mr. Unachukwu has not been 100% compliant with his conditions of release, which were set as part of the High Intensity Supervision Program (HISP), this Court's most restrictive form of release. Mr. Unachukwu's conditions of release also include special conditions regarding the use of computers. Mr. Unachukwu has been under these terms and conditions since November 2006 without a single violation.

2. At bottom, the government's Opposition seeks to relitigate this Court's decision, made at the time of Mr. Unachukwu's plea, to allow Mr. Unachukwu to remain in the HISP pending sentencing. The Court has already ruled upon that issue. To the extent the government

failed to make the arguments it now makes in support of Mr. Unachukwu's immediate detention, those arguments are waived. To the extent the government's arguments were ruled upon, those rulings are law of the case. Furthermore, as noted above, Mr. Unachukwu has proven to the Court, the government, and Pretrial Services that he can remain in the community and abide by the law, even under the most restrictive terms and conditions of release. His perfect track record since <u>November 2006</u> establishes his readiness and ability to remain out of jail pending sentencing.

      3.     At this juncture, defendant is requesting only the ministerial act of rescheduling the date of Mr. Unachukwu's sentencing by approximately six weeks so that counsel can obtain information that will be helpful to the Court–a psychologist's report–in determining the appropriate sentence under 18 U.S.C. § 3553(a).

      4.     Counsel also has numerous letters from Mr. Unachukwu's friends and colleagues that the defense intends on submitting on behalf of Mr. Unachukwu in preparation for the sentencing. Counsel was in trial before the Honorable Jack Shanstrom (visiting judge) the second week of April and has been unable to pull these materials together as of yet. Mr. Unachukwu should not be penalized by this set of circumstances.

      5.     In addition, counsel is hopeful that Mr. Unachukwu will be allowed to complete the classwork for his Masters degree at the University of Maryland-Baltimore College. His classwork ends in mid-May, 2007. Mr. Unachukwu's family has spent thousands of dollars to bring their son to America from Nigeria so that he could obtain an American education. Mr. Unachukwu has worked hard for five years and has obtained top grades during his studies. Although it is true that he made an incredibly foolish mistake by committing the offense in this

case, no matter what this Court sentences him to, he will almost certainly be deported back to Nigeria. Thus, Mr. Unachukwu will already be paying for his mistake for the rest of his life.

WHEREFORE, for the reasons stated above and in Mr. Unachukwu's Motion to Continue Sentencing, defendant respectfully requests that the sentencing in this case be postponed until sometime in or after June 2007.

Respectfully submitted,

_____/s/_____
Jonathan S. Jeffress, Esq.
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C. 20004
(202) 208-7500, ex. 134
(202) 208-7515 (fax)