```
               UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA       )
                               )
      v.                       )   Crim. No. 06-358-GK
                               )
CHIEDOZIE F. UNACHUKWU,        )
                               )
            Defendant.         )
```

Government's Memorandum In Aid Of Sentencing

The United States of America, by and through the United States Attorney for the District of Columbia, submits the following memorandum in aid of sentencing.

Background

Defendant Chiedozie Frederick Unachukwu, age 23, is a native of Nigeria who has been a U.S. resident since 2002. At the time of the offense in this case, on November 16, 2006, he was a graduate student in information systems at the University of Maryland, Baltimore County, and was residing in Hyattsville. He holds a bachelor of science degree, in information systems, from UMBC, and at the time of the offense had various computer-related professional jobs.

On November 16, 2006, the defendant, while at his residence in Hyattsville, logged into a Yahoo internet "romance" chatroom utilizing the screen name "freddyuna." The defendant noticed that one of the people logged into the chatroom at the same time as him was someone utilizing the screen name "lilmandygrl_dc."

This person was actually an undercover Metropolitan Police Department detective. The detective had logged into the chatroom earlier that day.

At approximately 5:51 p.m., the defendant sent "lilmandygrl_dc" a "private" message, i.e., he utilized an option in the chatroom to send a typed message to lilmandygrl_dc from his computer, which message could not be read by anyone else in the chatroom. There had been no prior communications between lilmandygrl_dc and freddyuna prior to the defendant initiating contact. Nor had the detective ever communicated in "public space" in the chatroom using that screen name or any others. Nor had MPD ever used the screen name lilmandygrl_dc in any other computer chatroom.

The defendant first introduced himself to lilmandygrl_dc by describing himself as a 23-year-old male from Maryland. Lilmandygrl_dc responded that she will "be 14," that she was in D.C., and that she was "half white[,] half spanish." The defendant then asked if he could see a picture of her. The detective then transmitted an old photograph of a female MPD detective, taken when the detective was approximately 13 years old.

The defendant's messages then quickly became sexual in nature, with the defendant inquiring if lilmandygrl_dc was a virgin, if she had ever "done anything sexual," what she did when

she was "turned on," and if she had ever "felt live fucking." The defendant, recognizing that lilmandygrl_dc was under age, also wrote that he would "love[] to fuck but u are 14." Lilmandygrl_dc, i.e., the undercover MPD detective, wrote back, "I understand[,] it's kool if you don't wanna."

After a few more sexual exchanges, lilmandygrl_dc indicated she was going to log off the chatroom. The defendant quickly asked when he could see her, and how late she could stay out. The defendant also stated that he had a new car, specifically, an "'07 toyota camry," and then asked, "where are we going to be . . . in the car?" Lilmandygrl_dc then wrote, "if u want[,] unless u can think of something else." After making some tentative plans, the defendant wrote, at approximately 6:37 p.m., that he would come back on line, i.e., to the chatroom, at around 9:30 p.m.

The defendant returned to the chatroom at 9:43 p.m., established contact (in private space) with lilmandygrl_dc and quickly asked for her address. She, i.e., the detective, gave him the address 101 Franklin Street, N.E. The defendant, who at that point was on the UMBC campus in Baltimore, said he would be there at 10:30 p.m.

At 10:40 p.m., the defendant was pulled over by MPD officers in the 100 block of Franklin Street, N.E., Washington, D.C. He was driving a white 2007 Toyota Camry.

Following his arrest, MPD inquired of other area law enforcement agencies if they were aware of any other sexually explicit computer communications, potentially illegal, involving a suspect utilizing the screen name freddyuna. A detective from the Manassas Park police department responded that during the period May 3 to 5, 2006, he was operating undercover in a Yahoo "romance" chatroom when he was contacted by a freddyuna. The detective was posing as a 14-year-old female. Freddyuna described himself as a 22-year-old, black male from Baltimore.[1] During these chats, the defendant sexually propositioned the undercover detective, specifically asking the girl if her "perants [sic] let you go out in the evenings," and what might happen if he told them "we will have sex."[2]

### Statutes Governing Sentencing

The defendant has pled guilty to violating 18 U.S.C. § 2423(b), which makes it a felony, punishable by up to 30 years in prison, for a person to travel in interstate commerce for the purpose of engaging in "illicit sexual conduct" with another person. "Illicit sexual conduct" is defined in the same statute to include a sexual act with a person under 18 that would be in

---

[1] The defendant's date of birth is June 26, 1983, making him 22 at the time of chats with the Manassas Park detective and 23 at the time of the chats with the MPD detective.

[2] As to the first question, the detective responded, "yea i can get out sumtimez." As to the second, the detective replied, "oh im sure they will luv u."

4

violation of 18 U.S.C. ch. 109A if it occurred in the special maritime and territorial jurisdiction of the United States. 18 U.S.C. 2423(f). As set forth in the charging information, the illicit sexual conduct specifically contemplated by the defendant was to engage in a sexual act with another person older than 12 but not yet 16, where the other person is at least four years younger than the defendant, which would constitute a felony violation of 18 U.S.C. 2243(a) (within chapter 109A) if it occurred in special U.S. maritime and territorial jurisdiction.

By statute, the defendant is not eligible for probation for this offense. Id. § 3561(a)(1). He also faces a maximum fine of $250,000, id. § 3571(b)(3), and after completing his term of imprisonment must serve a period of supervised release of at least 5 years and as long as his natural life, id. § 3583(k).

In addition, pursuant to section 113 of the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16913, following sentencing, the defendant must register as a sex offender in his state of residence, his state of employment, and the state in which he is a student.

### The Plea Agreement and the Sentencing Guidelines

Under the terms of the plea agreement, the defendant has agreed not to seek a sentence less than the applicable guideline range of imprisonment, minus up to six months, and the government has agreed not to seek a prison sentence greater than bottom of

that guideline range, minus up to six months.  This departure of up to six months is in recognition of the defendant's status as a deportable alien, pursuant to United States v. Smith, 307 U.S. App. D.C. 199, 27 F.3d 649 (1994), which renders him ineligible for certain sentencing benefits.

As calculated by the Probation Office, the defendant is in criminal history category I of the Sentencing Guidelines and faces an adjusted offense level of 23.  The adjusted offense level reflects a three-level downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1 (2006).[3]  The offense level and the criminal history category yield a guideline range of imprisonment of 46-57 months, a guideline fine range of $10,000 to $100,000, and a guideline supervised release period of 5 years to life.

Accordingly, under the terms of the plea agreement, the defendant can not allocute for a prison term shorter than 40 months, and the government cannot allocute for a prison term longer than 40 months.

## The Appropriate Sentence

The government submits that the appropriate sentence in this case is a prison term of 40 months, followed by a supervised

---

[3]As of this writing, the government knows of no reason why the defendant is not entitled to this three-level adjustment.

release period of 10 years.  The government makes no recommendation regarding the appropriate fine.

The term of 40 months is merciful, as it is a guideline term that acknowledges the defendant's lack of a criminal record, his acceptance of responsibility for the offense, and his inability to take advantage of certain sentencing benefits due to his alienage.

A 40-month term is also a sentence that reflects the seriousness of this offense, an offense in which the defendant attempted to have sex with someone he believed to be 13 years old, after essentially attempting the same thing six months earlier.

Moreover, it is worth noting that the defendant's admitted conduct constitutes a violation of 18 U.S.C. § 2422(b), which makes it a felony for a person to utilize a facility of interstate commerce to attempt to entice a minor to engage in sexual activity for which the person could be charged with a criminal offense.  As of July 27, 2006, persons found guilty of that offense are punishable by a mandatory 10-year prison term and face a maximum of life in prison.  <u>See</u> 18 U.S.C. 2422(b).  Again, the defendant engaged in such conduct on November 16, 2006, and six months earlier as well.[4]

---

[4] Prior to July 27, 2006, 18 U.S.C. § 2422(b) had a mandatory minimum 5-year prison term and a maximum 30-year term.

With respect to conditions of supervised release, the Court is required by statute to impose as a condition that the defendant comply with the requirements of the SORNA.  <u>See id.</u> § 3583(d).  The Court should also impose as a condition of release that if the defendant is deported, that he not re-enter the United States during his period of supervision without the permission of the Attorney General or U.S. immigration authorities.

                        Respectfully submitted,

                        JEFFREY A. TAYLOR
                        UNITED STATES ATTORNEY

                              /s/
     by: _____
                        Michael C. Liebman
                        Assistant United States Attorney
                        D.C. Bar No. 479562
                        555 Fourth Street, N.W., room 4231
                        Washington, D.C.  20530
                        353-2385