IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. 06-358 (GK) |
| CHIEDOZIE UNACHUKWU, | ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT'S MOTION TO RECONSIDER ORDER OF DETENTION

Defendant, Chiedozie Unachukwu, respectfully submits this Motion to Reconsider Order of Detention. For at least the following two reasons, Mr. Unachukwu should not be detained pending the sentencing in this case, which is now scheduled for June 21, 2007.

First, counsel from both sides have now had a full opportunity to research the operation of 18 U.S.C. § 3143. Contrary to prior belief, it is now undisputed between the parties that detention pending sentencing is **not** mandatory. Under 18 U.S.C. § 3145(c), the Court may permit defendant to remain on release pending sentencing if there are "exceptional reasons" for doing so. Because such reasons clearly exist in this case, defendant respectfully requests that the Court allow defendant to remain on release pending sentencing in this case.

Second, even if this Court were to find that Section 3145(c) does not apply, the Court should still reconsider its ruling and deny the government's request for defendant's detention pending sentencing, as the government has waived its claim to this relief. As an initial matter, during plea negotiations, the government <u>agreed to remove</u> a paragraph from the plea agreement requiring defendant's detention under 18 U.S.C. § 3143. Moreover, and as the government concedes, at the time of the plea, the government did not argue for defendant's detention under the

statute. Having failed to make the argument at the appropriate time, the government should not be permitted to re-litigate the issue as part of its opposition to defendant's motion for a continuance of the sentencing.

## BACKGROUND

Defendant was arrested on November 11, 2006. At that time, Magistrate Judge Kay released defendant to the HISP. Under the terms and conditions of the HISP, defendant is subject to electronic monitoring and a curfew. In addition, at the time of his initial appearance, Magistrate Judge Kay imposed special restrictions regarding defendant's use of computers.

Prior to defendant's January 29, 2007 plea, the parties engaged in negotiations concerning the content of the plea agreement. Significantly, the original proposed plea agreement contained a paragraph addressing defendant's release status pending sentencing. That paragraph stated:

<u>Release/Detention</u>
10.  Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

Ex. 1 (December 19, 2006 version of plea agreement).[1]

During plea discussions, defense counsel asked that paragraph 10 be excised so that defendant would not automatically be detained pending sentencing. The government acceded to this request and removed the paragraph. The plea agreement is silent on defendant's release status following the plea.

---

[1] Through an error by the parties, this earlier draft agreement was submitted to the Court and is now posted on the docket, including ECF. The parties will submit an executed version of the correct agreement, dated January 3, 2007, at Monday's status conference. It is attached hereto as Ex. 2.

2

On January 29, 2007, defendant plead guilty to a one count Information charging him with a violation of 18 U.S.C. § 2423(b). At that time, the government asked for defendant to be stepped back, but, by its own admission, did not articulate its current argument under 18 U.S.C. § 3143. Defendant argued that the Court should leave defendant in the community, as defendant was in 100% compliance with all the terms and conditions of the HISP and, indeed, has never had a single violation of any condition. The Court granted defendant's request. The Court set a sentencing date of April 25, 2007.

On February 15, 2007, the defense contacted government counsel concerning a proposed modification to defendant's conditions of release, i.e., defendant sought to change addresses. The government had no objection. The defense filed an Unopposed Motion to Modify Conditions of Release. The Court granted the Motion on February 16, 2007.

On April 19, 2007, defendant moved to continue the sentencing until a date in June. Prior to filing the Motion, defense counsel contacted government counsel to obtain the government's position on the continuance. The government informed defense counsel that it objected to a continuance of the sentencing because defendant should not have remained on release following the plea. Defense counsel noted the government's objection in his motion to continue the sentencing.

On April 19, 2007, the government took the additional step of filing a separate Opposition to defendant's Motion. In the Opposition, the government made the argument that defendant should now be detained under the provisions of 18 U.S.C. § 3143; the same provision originally reflected–but subsequently removed at defendant's request–from the plea agreement. The government's Opposition conveyed the incorrect impression that defendant's detention under 18

U.S.C. § 3143 was mandatory, and that the Court's order to permit defendant to remain on release pending sentencing was illegal. See Gov. Opp. at 2-3 (stating that defendant "can only be released pending sentencing" if Section 3142(a)(2)(A) is met) (emphasis added). Defense counsel understands that government counsel was not aware of the exception contained at 18 U.S.C. § 3145(c). Until very recently–and not until after the April 26th hearing in this matter–defense counsel was laboring under the same misimpression.

On April 23rd or 24th (counsel cannot remember which day), chambers contacted defense counsel and asked if counsel would be filing a Reply brief. On April 24, defense counsel filed the Reply. Due to an inexcusable oversight in his research on this issue, defense counsel did not understand, and therefore did not inform the Court, that there is an exception to 18 U.S.C. § 3143's detention provision at 18 U.S.C. § 3145(c).[2]

At a hearing on April 26, 2007, the Court held that 18 U.S.C. 3143 required defendant's detention and ordered him to surrender by April 27, 2007 at 5:00 p.m. After further negotiations between the parties, the parties submitted a joint motion to postpone surrender date and for a status conference. The Court granted the joint motion on the same day, and scheduled a status conference for April 30, 2007.

## DISCUSSION

**A. Defendant Should Be Allowed To Remain On Release Pending Sentencing Under 18 U.S.C. § 3145(c).**

Under 18 U.S.C. § 3145(c), the Court may allow a defendant to remain on release pending sentencing if the Court finds "there are exceptional reasons why such person's detention would

---

[2] Defense counsel sincerely regrets and apologizes for this oversight.

not be appropriate." 18 U.S.C. § 3145(c). Every circuit to have considered the issue have held that this is a decision for the district court to make. See United States v. Garcia, 340 F.3d 1013, 1015 n.1 (9th Cir. 2003) ("we agree with the other circuits to have addressed the issue that the district court has authority to determine whether there are exceptional reasons."). Indeed, in this District, one common use of this provision–but certainly not the only use–is to allow courts to release defendants who have plead guilty to drug and/or other charges so they can cooperate with the government and potentially earn sentencing departures. See Ex. 3 (sample page from cooperator plea agreement citing defendant's cooperation as "exceptional reason[]" justifying release pending sentencing (at ¶ 5)).

In United States v. Garcia, the court provided an in-depth review of 18 U.S.C. § 3145(c)'s "exceptional reasons" standard:

> As the[] cases indicate, a wide range of factors may bear upon the analysis. By adopting the term 'exceptional reasons,' and nothing more, Congress placed broad discretion in the district court to consider all the particular circumstances of the case before it and draw upon its broad 'experience with the mainsprings of human conduct.' . . . While we offer some guidance today, we place no limit on the range of matters the district court may consider.

Id. at 1018-19. The Garcia court further observed that

> [O]ne exceptional circumstance that might justify release under § 3145(c) would be that the defendant's criminal conduct was aberrational. A defendant with no prior history of violence may have acted violently, but uncharacteristically . . . Such a defendant may be guilty of a violent crime, and yet may not be the type of violent person for whom Congress intended the mandatory detention rule. Moreover, if the district court finds that the defendant led an exemplary life prior his offense and would be likely to continue to contribute to society significantly if allowed to remain free on bail, these factors would militate in favor of finding exceptional reasons.

Id. at 1019; see also United States v. Charger, 918 F. Supp. 301, 303-04 (D.S.D. 1996) (finding

exceptional reasons where young first-time offender was in need of guidance available to him at his father's home; to imprison him "would be counterproductive ... [and] would harm defendant and the interests of society"); United States v. Cantrell, 888 F. Supp. 1055, 1057-58 (D. Nev. 1995) (ordering release of Native American defendant who was subject to dual prosecution by federal and tribal courts and was participating in substance abuse program).

As set forth in defendant's Motion to Continue Sentencing and his Reply, there are many exceptional reasons for allowing Mr. Unachukwu to remain in the HISP pending sentencing. First, as the attached letters demonstrate, Mr. Unachukwu is very valuable member of his community, including his University and his church. See Ex. 4 (letters from friends and family of Mr. Unachukwu and achievement certificates).  As stated in Garcia, this is clearly a case where "the defendant led an exemplary life prior his offense and would be likely to continue to contribute to society significantly if allowed to remain free on bail," such that "the[] factors . . .militate in favor of finding 'exceptional reasons.'"  340 F.3d at 1019.  In addition, as noted in defendant's prior filings, Mr. Unachukwu is a top student who will complete the classwork for his Masters on May 23, 2007.  See PSR ¶ 39 (noting grade point average of 3.73).  Other reasons why there are exceptional circumstances which permit defendant's release pending sentencing in this case include:  (1) the fact that Mr. Unachukwu is a first time offender; (2) his flawless compliance with the rules and regulations of the High Intensity Supervision Program since November 2006; (3) the fact that the government did not move for Mr. Unachukwu's detention expressly under 18 U.S.C. § 3143 at the time of his plea, and thereby not only waived this argument, see infra, but also gave Mr. Unachukwu and his counsel the expectation that this case would proceed normally through sentencing (e.g., the expectation that a request for a six-week continuance in the

sentencing supported by good cause would not result in Mr. Unachukwu being immediately remanded to the D.C. Jail); and (4) the dire price that Mr. Unachukwu will inevitably pay for his conduct in this case, which very likely includes his deportation back to Nigeria.

For at least the foregoing reasons, and those stated in defendant's Motion to Continue Sentencing and his Reply, there are exceptional reasons supporting defendant's release pending sentencing. The defense therefore respectfully requests that the Court enter the attached Order, permitting defendant to remain on release at least until his sentencing date of June 21, 2007.

**B.     The Government Has Waived Its Right To Have Defendant Detained Pending Sentencing.**

Where a party fails to make an argument at the appropriate stage of a criminal proceeding, that argument is waived. See Fed. R. Crim. P. 12(e) ("A party waives any . . . request not raised by the deadline the court sets under Rule 12(c) . . ."); see also, e.g., United States v. Layeni, 90 F.3d 514, 522 (D.C. Cir. 1996) (finding waiver by government); United States v. Thompson, 27 F.3d 671, 678n.2 (D.C. Cir. 1994) (same). Here, the government first contributed to waiver by agreeing to remove paragraph 10 of the draft plea agreement, which provided for defendant's detention under 18 U.S.C. § 3143. See Exs. 1 and 2. The government then consummated the waiver by failing to make the appropriate argument at the plea that defendant be detained pending sentencing. Based on these circumstances, the "government has raised the issue too late for it to be properly before" the Court. Thompson, 27 F.2d 677 n.1. Furthermore, the government's waiver has prejudiced defendant, as the defense has approached this sentencing as it would approach any normal sentencing where a defendant is on release conditions, i.e., that the defendant would not be remanded prior to sentencing unless he violated his conditions of release.

7

Defendant has been 100% compliant with his conditions, and, in light of the government's waiver, he should be permitted to remain on release at least until his sentencing.

**WHEREFORE**, for the foregoing reasons, defendant respectfully requests that the Court enter the attached Order reconsidering its determination to detain Mr. Unachukwu pending sentencing.

Respectfully submitted,

/s/
Jonathan S. Jeffress, Esq.
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C. 20004
(202) 208-7500, ex. 134
(202) 208-7515 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 06-358 (GK) |
| ) | |
| CHIEDOZIE UNACHUKWU, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Upon consideration of defendant's Motion for Reconsideration of Court's Ruling of Detention, any Opposition thereto, and for good cause shown, it is hereby

**ORDERED** that the motion is **GRANTED**; and it is

**FURTHER ORDERED** that defendant shall remain in the High Intensity Supervision Program pending the sentencing in this matter currently scheduled for June 21, 2007.

**SO ORDERED**.

_____
JUDGE GLADYS KESSLER
UNITED STATES DISTRICT JUDGE

_____
DATE

Jonathan S. Jeffress, AFPD
Michael Liebman, AUSA