## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | **Criminal No. 06-358 (GK)** |
| ) | |
| **CHIEDOZIE UNACHUKWU,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## <u>DEFENDANT'S NOTICE OF FILING</u>

Defendant, Chiedozie Unachukwu, respectfully submits this Notice of Filing.  In filing

defendant's Motion to Reconsider Order of Detention, counsel inadvertently neglected to attach

the exhibits to the Motion.  The exhibits are attached hereto.

Respectfully submitted,

_____/s/_____
Jonathan S. Jeffress, Esq.
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C.  20004
(202) 208-7500, ex. 134
(202) 208-7515 (fax)

# EXHIBIT 1



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

December 19, 2006

Jonathan Jeffress, Esquire
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
fax copy also to:  208-7515 (this page followed by 10 additional
pages)

Re:  <u>United States of America v. Chiedozie F. Unachukwu</u>
     1:06-mj-482

Dear Counsel:

     This letter sets forth the full and complete plea offer to
your client, Chiedozie F. Unachukwu, from the Criminal Division
of the Office of the United States Attorney for the District of
Columbia (hereinafter also referred to as "the Government" or
"this Office"). This plea offer will expire on January 12, 2006.
If your client accepts the terms and conditions of this offer,
please have your client execute this document in the space
provided below.  Upon receipt of the executed document, this
letter will become the Plea Agreement.  The terms of the offer
are as follows:

### Charges and Statutory Penalties

     1.  Your client agrees to waive indictment and plead guilty
to the criminal information in this case, in which he is charged
with traveling in interstate commerce for the purpose of engaging
in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b).

     2.  Your client understands that (1) pursuant to that
statutory provision, the charge carries a maximum prison term of
30 years; (2) pursuant to 18 U.S.C. § 3571(b), a maximum fine of
$250,000; (3) pursuant to 18 U.S.C. § 3583(k), a maximum period
of supervised release for any term of years or life; and (4)
pursuant to 18 U.S.C. § 3013(a)(2)(A), a special assessment of
$100.  There is also an obligation to pay applicable interest and
penalties on fines and assessments not timely paid.

3. In consideration of your client's guilty plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

## Factual Stipulations

4. Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the guilty plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

## Sentencing Guidelines Stipulations

5. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2006) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to rule 11(c)(1)(B) of the Federal Rule of Criminal Procedure, and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

### (1) Offense Level Under the Guidelines

Pursuant to U.S.S.G. § 2G1.3(a), the base offense level is 24, and pursuant to U.S.S.G. § 2G1.3(b)(3), a two-level upward adjustment is appropriate.

### (2) Acceptance of Responsibility:  3-point reduction

Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a two-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

### (3) Guideline Departures

Under the Sentencing Guidelines an upward departure from the applicable Guidelines range is not warranted, but a downward

2

departure of up to six (6) months is warranted, based on your
client's status as a removable alien, pursuant to United States
v. Smith, 307 U.S. App. D.C. 199, 27 F.3d 649 (1994), and
U.S.S.G. § 5K2.0(2)(B).  The parties agree that no other downward
Guidelines departure is appropriate.

### Agreement as to Sentencing Allocution

6. The parties further agree that a prison sentence within
the range established by the applicable Guidelines range, and
taking into consideration the departure discussed supra in
paragraph 5, if determined in accordance with the parties'
stipulations in this Agreement, would constitute a reasonable
sentence in light of all of the factors set forth in 18 U.S.C. §
3553(a).  ~~In addition, neither party will seek a sentence outside
of that range or suggest that the Court consider a sentence
outside that range.  Nothing in this Agreement limits the right
of the parties to make any arguments regarding where within that
range the defendant should be sentenced.~~                          JJ

### Court Not Bound by the Plea Agreement

7. It is understood that pursuant to Rule 11(c)(1)(B) and
(c)(3) of the Federal Rules of Criminal Procedure, the Court is
not bound by the above stipulations, either as to questions of
fact or as to the parties' determination of the applicable
Guidelines range, or other sentencing issues.  In the event that
the Court considers any Guidelines adjustments, departures, or
calculations different from any stipulations contained in this
Agreement, or contemplates a sentence outside the guidelines
range based upon the general sentencing factors listed in 18
U.S.C. § 3553(a), the parties reserve the right to answer any
related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

8. It is understood that the sentence to be imposed upon
your client is determined solely by the Court.  It is understood
that the Sentencing Guidelines are not binding on the Court.
Your client acknowledges that your client's entry of a guilty
plea to the charged offense authorizes the sentencing court to
impose any sentence, up to and including the statutory maximum
sentence, which may be greater than the applicable Guidelines
range.  The Government cannot, and does not, make any promise or
representation as to what sentence your client will receive.
Moreover, it is understood that your client will have no right to
withdraw his plea of guilty should the Court impose a sentence
above the Guidelines range.

### Deportation and Removal

3

9. Your client agrees that the Court may enter a stipulated judicial order of removal, pursuant to 8 U.S.C. § 1228⁶, and agrees to execute those documents necessary to implement your client's removal. Your client specifically waives the right to notice and a hearing under the Immigration and Nationality Act and stipulates to the entry of a judicial order of removal from the United States as a condition of the Plea Agreement and as a condition of probation or supervised release. Your client further understands and agrees that the filing of any applications for relief from removal, deportation, or exclusion, either written or oral, or the prosecution of any pending applications, before any federal court, the Board of Immigration Appeals, an immigration judge, or U.S. Immigration and Customs Enforcement shall breach this Plea Agreement.

## Release/Detention

10. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

## Breach of Agreement

11. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; ⁶ your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to rule 11 of the Federal Rules of Criminal Procedure.

12. Your client acknowledges discussing with you Rule 11(f) of the Federal Rule of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later

4

withdrawn.  Your client knowingly and voluntarily waives the
rights which arise under these rules.

13. Your client understands and agrees that the Government
shall only be required to prove a breach of this Plea Agreement
by a preponderance of the evidence.  Your client further
understands and agrees that the Government need only prove a
violation of federal, state, or local criminal law by probable
cause in order to establish a breach of this Plea Agreement.

14. Nothing in this Agreement shall be construed to permit
your client to commit perjury, to make false statements or
declarations, to obstruct justice, or to protect your client from
prosecution for any crimes not included within this Agreement or
committed by your client after the execution of this Agreement.
Your client  understands and agrees that the Government  reserves
the right to prosecute your client for any such offenses.  Your
client further understands that any perjury, false statements or
declarations, or obstruction of justice relating to your client's
obligations under this Agreement shall constitute a breach of
this Agreement.  However, in the event of such a breach, your
client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

15. It is further agreed that should the conviction
following your client's plea of guilty pursuant to this Agreement
be vacated for any reason, then any prosecution that is not time-
barred by the applicable statute of limitations on the date of
the signing of this Agreement (including any counts that the
Government has agreed not to prosecute or to dismiss at
sentencing pursuant to this Agreement) may be commenced or
reinstated against your client, notwithstanding the expiration of
the statute of limitations between the signing of this Agreement
and the commencement or reinstatement of such prosecution.  It is
the intent of this Agreement to waive all defenses based on the
statute of limitations with respect to any prosecution that is
not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

16. By entering this plea of guilty, your client  waives any
and all right your client may have, pursuant to 18 U.S.C. § 3600,
to require DNA testing of any physical evidence in the possession
of the Government.  Your client fully understands that, as a
result of this waiver, any physical evidence in this case will
not be preserved by the Government and will therefore not be
available for DNA testing in the future.

### Complete Agreement

5

17. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

18. Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

19. If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____

Michael C. Liebman
Assistant United States Attorney
353-2385

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Jonathan Jeffress, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: _____

_____
Chiedozie F. Unachukwu, defendant


## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: _____

_____
Jonathan Jeffress, Esquire
Assistant Federal Public Defender
Attorney for defendant Chiedozie F. Unachukwu

7

# EXHIBIT 2

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

January 3, 2007

Jonathan Jeffress, Esquire
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
fax copy also to: 208-7515 (this page followed by 10 additional pages)

Re: <u>United States of America v. Chiedozie F. Unachukwu</u>
1:06-CR-358-GK

Dear Counsel:

This letter sets forth the full and complete plea offer to your client, Chiedozie F. Unachukwu, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). It supercedes any and all prior offers. **This plea offer will expire on January 12, 2006.** If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

<u>Charges and Statutory Penalties</u>

1. Your client agrees to waive indictment and plead guilty to the criminal information in this case, in which he is charged with traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b).

2. Your client understands that (1) pursuant to that statutory provision, the charge carries a maximum prison term of 30 years; (2) pursuant to 18 U.S.C. § 3571(b), a maximum fine of $250,000; (3) pursuant to 18 U.S.C. § 3583(k), a maximum period of supervised release for any term of years or life; and (4) pursuant to 18 U.S.C. § 3013(a)(2)(A), a special assessment of $100.. There is also an obligation to pay applicable interest and penalties on fines and assessments not timely paid.

3. In consideration of your client's guilty plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

## Factual Stipulations

4. Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the guilty plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

## Sentencing Guidelines Stipulations

5. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2006) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to rule 11(c)(1)(B) of the Federal Rule of Criminal Procedure, and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

### (1) Offense Level Under the Guidelines

Pursuant to U.S.S.G. § 2G1.3(a), the base offense level is 24, and pursuant to U.S.S.G. § 2G1.3(b)(3), a two-level upward adjustment is appropriate.

### (2) Acceptance of Responsibility:  3-point reduction

Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a two-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

### (3) Guideline Departures

Under the Sentencing Guidelines an upward departure from the applicable Guidelines range is not warranted, but a downward

departure of up to six (6) months is warranted, based on your
client's status as a removable alien, pursuant to <u>United States
v. Smith</u>, 307 U.S. App. D.C. 199, 27 F.3d 649 (1994), and
U.S.S.G. § 5K2.0(2)(B).  The parties agree that no other downward
Guidelines departure is appropriate.

## Agreement as to Sentencing Allocution

6. The parties further agree that a prison sentence within
the range established by the applicable Sentencing Guidelines
range, and taking into consideration the departure discussed
<u>supra</u> in paragraph 5(3), if determined in accordance with the
parties' stipulations in this Agreement, would constitute a
reasonable sentence in light of all of the factors set forth in
18 U.S.C. § 3553(a).  In addition, neither party will seek a
sentence outside that range nor suggest that the Court consider a
sentence outside that range.  Nothing in this Agreement limits
the right of the parties to make any arguments regarding where
within that range the defendant should be sentenced.

## Court Not Bound by the Plea Agreement

7. It is understood that pursuant to Rule 11(c)(1)(B) and
(c)(3) of the Federal Rules of Criminal Procedure, the Court is
not bound by the above stipulations, either as to questions of
fact or as to the parties' determination of the applicable
Guidelines range, or other sentencing issues.  In the event that
the Court considers any Guidelines adjustments, departures, or
calculations different from any stipulations contained in this
Agreement, or contemplates a sentence outside the guidelines
range based upon the general sentencing factors listed in 18
U.S.C. § 3553(a), the parties reserve the right to answer any
related inquiries from the Court.

## Court Not Bound by the Non-Mandatory Sentencing Guidelines

8. It is understood that the sentence to be imposed upon
your client is determined solely by the Court. It is understood
that the Sentencing Guidelines are not binding on the Court.
Your client acknowledges that your client's entry of a guilty
plea to the charged offense authorizes the sentencing court to
impose any sentence, up to and including the statutory maximum
sentence, which may be greater than the applicable Guidelines
range.   The Government cannot, and does not, make any promise or
representation as to what sentence your client will receive.
Moreover, it is understood that your client will have no right to
withdraw his plea of guilty should the Court impose a sentence
above the Guidelines range.

## Breach of Agreement

9. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client  shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to rule 11 of the Federal Rules of Criminal Procedure.

10. Your client acknowledges discussing with you Rule 11(f) of the Federal Rule of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn.   Your client knowingly and voluntarily waives the rights which arise under these rules.

11. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence.   Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

12. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client  understands and agrees that the Government   reserves the right to prosecute your client for any such offenses.   Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement.  However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

## Waiver of Statute of Limitations

4

13. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

## Waiver of Right to DNA Testing

14. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

## Complete Agreement

15. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

16. Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

17. If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

5

Sincerely,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____

Michael C. Liebman
Assistant United States Attorney
353-2385

6

DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Jonathan Jeffress, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: _____    _____
                                  Chiedozie F. Unachukwu, defendant


ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: _____    _____
                                  Jonathan Jeffress, Esquire
                                  Assistant Federal Public Defender
                                  Attorney for defendant Chiedozie F. Unachukwu

7

# EXHIBIT 3

2. Your client agrees that the attached proffer fairly and accurately describes his actions and involvement in the offenses to which he is pleading guilty. Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charges stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for 11.3 grams of cocaine base, which quantity represents the total amount involved in your client's relevant criminal conduct, including amounts your client distributed or possessed with intent to distribute. Your client will also admit that he possessed a Ruger P90 .45 caliber semi-automatic handgun with one round in the chamber and eight rounds in the magazine, thus making him eligible for a two point increase in his base offense level, pursuant to §2D1.1(b)(1) of the Sentencing Guidelines.

3. The Government further agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to any law enforcement agent, probation officer or Court) the Government is free under this agreement to seek an increase in the base offense level or an upward departure based on that post-agreement conduct.

4. In addition, your client agrees to waive your client's interest in and not to contest the administrative forfeiture of the following property: Ruger P90 .45 caliber semi-automatic handgun and ammunition as property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of illegal drug trafficking and/or property used or intended to be used to commit or to facilitate illegal drug trafficking. Your client acknowledges and agrees that the Government reserves its right to bring a civil action(s), if necessary, in any jurisdiction for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

5. In view of the cooperation which your client agrees to provide and the expected investigation(s) which will be based on this cooperation, the United States will agree to request your client's release pending sentencing for a limited time period and solely for the purpose of engaging in investigative activity under the direction of law enforcement authorities. Your client and the Government agree that pursuant to 18 U.S.C. § Section 3145(c), the fact of your client's cooperation in investigation(s) constitutes "exceptional reasons" justifying your client's release for a limited time period and solely for the purpose of engaging in investigative activity under the direction of law enforcement authorities and the Government. The exceptional reasons justifying your client's release for a limited time period and solely for the purpose of engaging in investigative activity include, but are not limited to: his promise to maintain weekly contact either in person or by telephone with Metropolitan Police Detectives            or            , and any other law enforcement agent/officer designated by the Metropolitan Police Department or the Government; your client's promise and agreement not to engage in any criminal conduct; and his promise and agreement to abide by any and all release conditions imposed by the Court. Your client understands that the Court is not bound to accept the Government's recommendation regarding release pending sentencing and may impose whatever conditions it deems appropriate pending sentencing, to include ordering that your client be held without bond. Your client understands and agrees that at any time

# EXHIBIT 4

Honorable Gladys Kessler
United States District Judge
333 Constitution Avenue, N.W.
Washington, D.C. 20004

March 25, 2007

Dear Judge Kessler,

### Ref: Mr. Chiedozie "Fred" Unachukwu

I am writing this letter on behalf of Mr. Chiedozie "Fred" Unachukwu, a personal friend
of mine for about 12 years. I attended the same high school with Fred and we both
worship at the same church. Fred is an honest, God-fearing and a family man. He
maintains close ties to his family, even though they are located in various parts of the
world. In church, Mr. Fred volunteers in different departments. He is in the youth
intercessory team and also the electrical department. He was also the youth pastor in the
church at some point.

Further, Chiedozie "Fred" Unachukwu, is a person that would literally give "the shirt off
his back" to help a friend. Personally, he has helped me numerous times financially and
emotionally. I remember a time I had not enough money to pay for my tuition; he aided
me even though it inconvenienced him and put him behind on his bill payments. I can go
to him in the time of distress and hardship because he is always there to listen and offer
advice and support.

All things considered, I am deeply and truly convinced Mr. Chiedozie "Fred"
Unachukwu would not commit this offense again. This is because he is a man that heeds
corrections and advice also. Fred is a person of his words, so if he says he won't do this
again; I could bet my life and everything in it that he would never do it again. The man
has goals and drive in life – a University of Maryland Baltimore County (UMBC)
graduate student. He graduated cum laude (as he told me he was going to) and currently
working on developing a Christian website (biblogg.com).

Thanks for your considerations.

Sincerely,

*Onyi Okeke*

Onyedika C. Okeke

5305 85TH Avenue
New Carrollton, MD 20784
03/25/2007

Honorable Gladys Kessler,
United States District Judge,
333 Constitution Avenue, N.W.,
Washington, D.C. 20001.

Dear Judge Kessler,

My name is Edwin Elodimuor, a student at Howard University School of Business
Washington D.C, and a member of Voice of the Last Days Ministry since 1989, of which
Mr. Chiedozie Unachukwu is also a member. I also attended Logos International
Secondary School for a period of two years, and was a junior to Mr. Chiedozie
Unachukwu. I have known Mr. Chiedozie Unachukwu for over eight years and can
therefore attest to the fact that he is well mannered person, who has exhibited a high level
of discipline which earned him the post of the Chapel Prefect between 1998 and 1999,
and the post of Senior Prefect which is an equivalent of school President from 1999 to
2000 at Logos International Secondary School, Nigeria.

While he served as the senior prefect of Logos International Secondary School, Nigeria,
Mr. Chiedozie Unachukwu led by example. He worked hard to ensure that the affairs of
the school were properly managed. While the chapel prefect of Logos International
School, he was greatly admired because of the emotional support he gave to junior
students and his peers.

Mr. Chiedozie Unachukwu is the second son in a family of seven, and has a sound
relationship with his parents and siblings. As a mark of commitment to the service of God
and community service, Chiedozie Unachukwu volunteered to lead the Youth Prayer
Group of Voice of the Last Days Ministry in New Carrolton Maryland, and also holds the
position of Youth Ministry Leader. He engages in tutoring and mentorship of children
who face difficulties in subjects like mathematics and English language.

Since his release, I have stayed with him and I can attest to the fact that he has gone
through a long period of repentance, through extensive fasting and prayers unto God;
and I have no doubt whatsoever that he will not repeat the same mistake again. I call this
a mistake because I grew up with Mr. Chiedozie Unachukwu and this is not a trend. On
this note Your Honor, I ask that you temper justice with mercy. Thank you for your kind
consideration.

Yours truly,

Edwin I. Elodimuor

# CHIEDOZIE (FREDERICK) UNACHUKWU

6603 Adrian St. Hyattsville, MD 20784
(240) 432-9482
una1@umbc.edu

**Objective:**
>  Seeking a job to acquire experience in the field of Information Systems/Technology that will utilize my analytical, managerial and technical skills

**Education:**
> **University of Maryland, Baltimore County (UMBC)**
> Expected Master of Science degree in Information Systems, December 2007
> **GPA: 4.00 on a 4.00 scale**
> **Coursework:** System Analysis and Design, Decision Support Systems, and Advanced Database Design.
> **University of Maryland, Baltimore County (UMBC)**
> Bachelor of Science degree in Information Systems (Cum Laude), December 2006
> **GPA: 3.73 on a 4.00 scale**      **Dean's List:** 2004, 2006
> **Awards:** IT scholar 2005, 2006      **Honors:** Academic honors 2004, 2005, 2006
> Worked 20 hours per week while carrying a full academic schedule
> **Coursework:** System Design Method, Management Information Systems, Human Factors in System Design, Technical Writing/Communication, and Principles of Accounting and Economics.

**Special Projects:**
> ➤ Designed and implemented a relational database of a Business institution in third normal form. Queried and built forms used to access the oracle database using PL/SQL statements
> ➤ Performed a systems analysis of the residential life inventory and payroll systems at University of Maryland Baltimore County
> ➤ Assisted professors in the department of Information Systems in e-Voting research
> ➤ Designed and managed the development of Biblogg.com

**Work experiences:**
> **Erickson Retirement Communities, Baltimore, Maryland**
> Business Analyst, June 2006 – December 2006
> > ♦ Supported some business applications - DataStream 7i, Citrix CBORD, HRMS and Event Master
> > ♦ Created and managed user accounts, and resolved work orders for the applications
> > ♦ Deployed some computer and POS systems to recent established Erickson communities
>
> **Department of Information Systems, UMBC**
> Research Assistant/Intern, September 2005 – May 2006
> > ♦ Assisted professors in the department of Information Systems in research projects
> > ♦ Designed animations using Poser 6 software
>
> **Potomac Hall, UMBC**
> Desk Manager, August 2005 – May 2006
> > ♦ Assisted the Community Director in the application, interviewing, and selection processes for desk staff
> > ♦ Computed payroll for Desk Staff
> > ♦ Developed a schedule that provides desk coverage and supervisory expectations
> > ♦ Supervised and provided ongoing feedback to desk staff
> > ♦ Supervised the maintenance and upkeep of the lobby and desk areas
>
> **Learning Resources Center, UMBC**
> Math Tutorial Staff, September 2004 - August 2005
> > ♦ Assisted students with Math problems
> > ♦ Modeled and taught appropriate learning and study techniques to students to encourage independent learning

**Knowledge and Skills:**
> > ♦ Familiar with Microsoft Office Packages (Access, Excel, Power Point, Word, FrontPage, Publisher, Outlook)
> > ♦ Creative, analytical, objective, disciplined, open-minded, efficient, reliable
> > ♦ Poser 6, Macromedia flash, C++, JavaScript, Visual Basic, PL/SQL

**References:**
> > ♦ Available Upon Request

March 12, 2007

Honorable Gladys Kessler,
United State District Judge,
333 Constitution Avenue,
N.W Washington D.C 20001.

Dear Judge Kessler,

## REF: Mr. Chiedozie (Fred) Unachukwu.

I am Engr. Nnamdi Unachukwu, Chiedozie's elder brother. I'm married and own a
telecom firm and Oil and Gas firm all registered in Nigeria with over one hundred
employees. I count it a privilege to write to you on behalf my brother, Cheidozie.

Chiedozie is a young man that submits consistently works of very high standard. He gets
to the root of whatever he does. His behavior earned him my parents love/trust and it was
on this premise that my parents sponsored him to study in USA at the expense of the rest
six pleasures of life. He was fondly called a pastor when he was still growing up due to
his passion to pray and help others. His good relationship with his mates earned him the
position of a school senior prefect. A school senior prefect is regarded in this part of the
world as the link between the teachers and students.

As a young boy, he was allowed by my pastor here in Lagos, Nigeria to preach to adult
church at various times while he was in Nigeria. My parent's philosophy is to train up a
child to have fear of God and he will not depart from it when he grows up. I strongly
believe that Chiedozie owned up his actions because of this training from my parents. My
family is very sorry that such could come from a young man we love and trust.

Chiedozie is a young man that is very close to his family. He takes care of all members of
our family that travels to USA from arrival to departure despite his tight schedule. He
calls my family on phone almost everyday. He paid his flight ticket back in 2005 to
attend one the daughters of the family's marriage.

He works so hard and turns in result at a minimal supervision. His eating habit changed a
long time ago because he works very hard everyday. He shares his future plans with me
as his elder brother. Once he told me that he wants to be a lecturer due to his passion to
impact others around him. He recently started a company with his friends and I invested a
lot into it because I know they will not fail. He doesn't keep too much friends because he
hates someone wasting his time.

Talking about his character, Chiedozie has not been involved in anything violence since
he was born. My parents have never had any reason to spank him due to his nature of
person. For having a good character, he has no choice because our family is known for it
and that's why we are successful in our various works of life. I am sure he wants to be

like me and that's why he works very hard. My elder sister Uju is a successful accountant with four kids. My younger sisters,
*Chioma is an industrial chemist who set up a big company, and married with one kid,
*Nwanneka is an Executive director in my company and has one kid.
*Chinenye Lucy has one kid and stays in London where she pursues her maters.
*Ogochukwu is the last in the family, and she is a law student in University of Nigeria.

I am extremely positive that Chiedozie will not think of committing this type of offence again because he is ashamed of himself now. He feels he has disappointed his family and God. Since after this incident, he has been getting more involved in his Christian faith.

Being the last boy in my family, our culture made it that he will inherit everything my mother owes in life. Consequently, Chiedozie is very close to my mother. For last eight years, she has been going through some terrifying health challenges. She had stroke and it's been hard to manage. We have refused to tell her the implications of this offence because it might result to her early death.

Please my lord, use your good office to help us. Please help this man and he will leave to prove you right the rest of his life. Thanks for making out time to read from me.

Yours truly,

Engr. Nnamdi Unachukwu
Address: 7 Saka Tinubu Street,
        Victoria Island,
        Lagos, Nigeria.
Tel:    234-1-7601486.

Leonard O, Enendu
7422 Leahy Road
New Carrollton, MD 20784
Phone: (301) 552-3611

Honorable Gladys Kessler
United States District Judge
333 Constitution Avenue N.W.
Washington, D.C. 20001

Your Honor,

### Ref.: Mr. Chiedozie "Fred" Unachukwu

Mr. Chiedozie "Fred" Unachukwu is my nephew. He was born in Nigeria in 1983, to a very Christian family. His father is a business man, trading in shoes. His mother worked in his fathers business before she suffered a stroke about eight years ago. He is the second son of his father and has five sisters.

Chiedozie came to the U.S in 2002 on students' visa, following his admission to the University of Western Michigan, Kalamazoo, Michigan. He enrolled in the university in the fall of 2002. In December of 2004 he visited my family in Maryland during his Christmas break and spent Christmas with us. We are the closest family he has in the United States. He spent all his summer holidays with my family and later transferred to the University of Maryland, Baltimore Campus. Following his transfer to Maryland, he lived with my family for one year until he secured on-campus accommodation.

Since he started his college work in the United States, he has maintained a very high academic standard, with a Grade Point Average (GPA) of 4.0 on a 4-point grading scale. This is in spite of the fact that most of the semesters he carried a school load of up to 20 credit hours and a part time job on campus that required over 20 hours per week. In December of 2006, he graduated with Cum Laud, among other academic honors he earned at the university. Chiedozie Unachukwu is not only a good student but also a very good person. I know him very well. He spent most of his time in school and in church activities.

Your Honor, I know about the crime to which Chiedozie "Fred" Unachukwu pleaded guilty, but I plead for your kindness and leniency in your judgment. He has made a serious mistake, which he deeply regrets.

Mr. Chiedozie "Fred" Unachukwu is currently enrolled in graduate studies at the University of Maryland, Baltimore Campus. Giving him a harsh punishment will destroy him and cause heart failure to his aging parents. In a recent discussion with his father, he told me that he is no longer doing well in business. He is so devastated that he does not see any future for him if Chiedozie goes to jail. His wife, Chiedozie's mother, has been in and out of the hospital, following the stroke she had and it is apparent that Chiedozie's situation has made matters worse for her health.

Chiedozie's father has strongly requested me to ask for your honors kindness and mercy. Despite the amount of money he has spent on Chiedozie's education since 2002, he prefers to withdraw Chiedozie from the United States instead of him spending time in jail.  My heart is heavily laden and I know from talking with my brother that he is devastated.

Your honor, I wish you heard this old man crying over the phone like a baby for his son's mistake.  No one who knows Mr. Chiedozie Unachukwu can believe he could commit the offense he pleaded guilty to.  He has always been seen as a shinning star – always doing the right things.

Mr. Chiedozie Unachukwu as I know him is not a bad person.  He is a dedicated and conscientious worker.  He is an ardent Christian who has been involved in church activities from childhood.  He is a very good person with very high moral values.  He has never committed any crime.  He has done several voluntary community services including:
1. Volunteering at Portage Community Outreach Center, Michigan, to upgrade the computers [laptops] and also tutored high school students in Math between March 2004 and May 2004.
2. He currently tutors a 4th grade student who is having problems in Math, English and reading
3. At his local church, Voice of the Last Days Ministry, he volunteers to work in the IT department every Sunday by setting up and dismounting the church's computer projector system. Also, every Sunday, he transports a family that needs transportation to church.
4. He assists a family to transport their middle school student to school at least three times a week.

These are why the commission of this offense comes with immense surprise to all who know him.  His devotion to any task assigned to him is exemplified by the transcript of his school work which sets him apart and distinguishes him as a predictable and reliable individual by those who know him or have interacted with him as well as I have.

I am convinced that Mr. Chiedozie "Fred" Unachukwu has learned his lessons the hard way and I have no doubt in m mind that he will not commit the crime again.  He has been spending most of his free time praying and receiving counseling from his pastor. I know this because I talk to him on a regular basis and he visits my family regularly also.  He is full of remorse.  His immediate plan is to complete his master's degree by summer 2007, and proceed to a doctorate program.

Your Honor, please temper justice with mercy.  Mr. Chiedozie "Fred" Unachukwu has never committed any crime before and asserts that as long as he lives he will try his utmost best to never commit any crime again.  I pray for your kind consideration.

Yours Sincerely,

Leonard Enendu                3/26/2007



# Voice Of The Last Days Ministry

Warning & Rescuing The Perishing · Restoring & Unifying The Church · Heralding The Rapture & His Second Advent.
6603 Adrian Street, P.O. Box 3039, New Carrollton. MD 20784
Phone: 301-474-1944 Fax: 301-864 - 5665
www.wccrmvoice.org   email: wccrmus@wccrmvoice.org

Honorable Gladys Kessler
United States District Judge
333 Constitution Avenue, N.W.
Washington, D.C. 20004

March 19, 2007

Your Honor,

### Ref: Mr. Chiedozie "Fred" Unachukwu

I am Pastor Timothy Okeke of the Voice of the Last Days Ministry in the United States of America. I write to say that I have known Mr. Chiedozie "Fred" Unachukwu from childhood. I lived with the parents in the city called Onitsha in Nigeria for many years. The parents are very good Christians and brought up their children in the fear of God. Chiedozie being the second boy and the last son of the family of six was well cared for because the parents were able to provide for him. He was provided for and he lacked nothing that was profitable to his growth, education or maintenance. I pastored the parents whose Christian character were a challenge to others in the city, the community and the society in general.

In 1994, my church in Nigeria established a Christian school for Middle and High school education whose motto was "academic excellence and Christ-like citizenship"- the words that guided and guarded every student that was admitted into the school including Mr. Chiedozie "Fred" Unachukwu". I was the first Vice Chairman of the Board of Governors of the school where discipline was foremost in the administration and organization of the school. Mr. Chiedozie "Fred" Unachukwu was admitted to this school in 1995 for a 6-year program and he graduated in the year 2001. He was the chapel prefect of the school with a population of 1960 students from 1998 -1999. This type of post was usually occupied by students of Godly character who are specially disciplined and known for quietness of the spirit. This character was not lacking in the life of Mr. Chiedozie "Fred" Unachukwu which gave him an edge over others. To add to his feathers, he became the Senior Prefect from 1999 to 2000 where he set records yet to be equaled in the school.

He fulfilled the motto of the school on graduation as he matched his educational competence with Godly character, which earned him admission at Western Michigan University where he did not loose grip of the fear of God. Not only did he excel in educational pursuit but also carried his quiet life and love of God along with him, hence he became the Sunday school teacher with the Redeemed Christian Church of God from 2002 to 2004 at the same university. Being not satisfied with his spiritual level and pursuit in the University of Michigan, he desired to stay with the church and teachings that guided him in growth; he transferred to the University of Maryland Baltimore campus for a rare course in Computer Systems where he became the Desk Manager for a hall and later a Research Assistant. This transfer afforded him the opportunity to join his mother church from where he trained as a boy and there, he became the youth fellowship coordinator. His education was not hindered in any way by these extra curricular engagements through to his graduation. To prove that the commitment to God does not debar his educational pursuit, he maintained a sweeping GPA of 3.73 and graduated with honors *[cum laude]* in his field.

This tragedy that befell Mr. Chiedozie "Fred" Unachukwu was a devastation equaled to physical death to his family and friends who had been living, working, or relating with him. As his pastor, I consider the incidence as sights that dazzle the eyes. Of a truth, circumstances beyond his control seriously and adversely affected him as to veer off his spiritual focus. On coming to his senses, he remembered whom he was, his parents, his family, his schools and above all his church from where he was groomed from childhood, he became sober and returned to God crying for mercy and forgiveness. He immediately retraced his steps and promised his God and members of his family and the community in general that such a thing would not be heard or mentioned with his name again if the hands of the law would exercise mercy to him as a first offender. A close study and monitoring of his life since the incident would reveal a young man who has learnt the hard way and whose past haunts the present.

In fact since then he has been very sober, hence he returned fully to the work of the Lord, guiding the youths, leading the youth prayer team and engaging in educating those that are behind in some subjects and especially warning them to be vigilant and thoughtful as not to try the hard way he has passed. He would always be teaching with tears and lamentation that he made the greatest mistake of his life. He is daily using this sad experience to edify the youth and even the church moral enrichment programs. What he has passed through teaches him that *"once beaten twice shy"* and

that *"he should carry his body in holiness and righteousness" (Romans 6:19)*. Generally, his parents and his church are joined in the series of prayers believing that God will touch the hearts of the protectors of the law to give him a second chance to prove to Satan that although he fell once but he is up again (Proverbs 24:16).

Finally as his pastor, I am sure from the repentance and godly sorrow (II Corinthians 7:10) that has been observed from his behavior, comportment, and attitude since this incident that he will neither think of nor allow his mind to consider wandering away from right-living (Proverbs 21:16). Being a quiet person since I knew him as a little boy, I now see a more determined and more dedicated "man" longing to stay focused on God, holiness and righteousness, law abiding and endeavoring to maintain a good citizenship. I will conclusively say with all certainty that he has completely turned a new leaf, and is strongly prepared to achieve his vision and dream not only as a good and godly person but also as one that will be a corrective mirror to others especially to the youths (I Timothy 4:12). He will never abuse himself, his privilege, his tree, the trust reposed in him or his ambition.

I vouch for his newness of life and plead for him in these sorrowful words *"to err is human but to forgive is Divine"*

Thank you,

Timothy Okeke
Voice of the Last Days Ministry



College Reading & Learning Association

READING · LEARNING ASSISTANCE · DEVELOPMENTAL EDUCATION · TUTORIAL SERVICES

certifies that

*Chiedozie Unachukwu*

has fulfilled all the requirements to be issued a

CRLA REGULAR/LEVEL 1 TUTORING CERTIFICATE

President

Chair, CRLA Cert. Certificate Committee

UMBC, LRC/SSS TUTORING PROGRAM
Tutor Supervisor

Institution/Program

Date



KALAMAZOO VALLEY
COMMUNITY COLLEGE
A COMMUNITY OF LEARNING.

# Communication Arts Department
## 2003-2004 Essay Contest

*This certificate is presented to*

*Chiedozie Unachukwu*

## Honorable Mention

*for the Narrative Essay*

## "First Time Away From Home"

Date October 7, 2004

Ron Miazga, Chairperson
Communication Arts Department
Kalamazoo Valley Community College



KALAMAZOO VALLEY
COMMUNITY COLLEGE
A COMMUNITY OF LEARNING.

# Communication Arts Department
## 2003-2004 Essay Contest

*This certificate is presented to*

### Chiedozie Unachukwu

**Second Place**

*for the Persuasive Essay*

**"Public Smoking Should Be Banned"**

October 2004
Date

*Ron Mnzego,* Chairperson
*Communication Arts Department*
*Kalamazoo Valley Community College*



# Logos International Secondary School
Km 24, Owerri-Onitsha Road, P. O. Box 772, Awo-Omamma, Oru East L.G.A, Imo State.

## School Leaving Certificate and Testimonial

NO:...322.

### This Is To Certify That

*Nweta Chukwunenye Wengie Love*

was a student in this School from.....*13/9/93*.....to.....*2000 Year*

ACADEMIC RECORD.....*Very Promising.*

He/She sat for the _____*2001*_____ Senior School Certificate Examination (SSCE)

with Exam No. _____*6172617/101.*_____

and offered the following subjects:

ENGLISH LANGUAGE, MATHEMATICS, FURTHER MATHEMATICS, IGBO LANGUAGE, HAUSA/YORUBA LANGUAGE, FRENCH, BIOLOGY, CHEMISTRY , PHYSICS, GEOGRAPHY, LITERATURE IN ENGLISH, TYPE WRITING, SHORTHAND, BOOK KEEPING/ACCOUNTS, COMMERCE, ECONOMICS, GOVERNMENT, HISTORY, CHRISTIAN RELIGIOUS KNOWLEDGE, HOME ECONOMICS, AGRICULTURAL SCIENCE, TECHNICAL DRAWING, FINE ART, MUSIC *(Delete those not applicable)*.

CONDUCT.....*Outstanding.*

POSITION(S) OF RESPONSIBILITY HELD:...*Chapel Prefect (1999/2000, and Senior Prefect (2000/2001)*

OTHER REMARKS.....*Confident and persevering Student.*

_____
**Student's Signature**

Date.*12 - 7 - 2001*

_____
**Principal**