```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

**UNITED STATES OF AMERICA**       )
                                   )
      v.                            )   Crim. No. 06-358-GK
                                   )
**CHIEDOZIE F. UNACHUKWU,**        )
                                   )
           **Defendant.**    )

Government's Opposition To Defendant's Motion For Reconsideration
<u>of Court's Detention Order</u>

    The United States of America, by and through the United States Attorney for the District of Columbia, hereby opposes defendant's motion for reconsideration of this Court's order that the defendant be detained pending sentencing.

<u>Background</u>

    Defendant Chiedozie F. Unachukwu has pled guilty to a felony violation of 18 U.S.C. § 2423(b), traveling in interstate commerce for the purpose of committing an illicit sex act.  At the time of the guilty plea, the Court denied the government's motion that the defendant be detained pending sentencing.  However, when the defendant moved to continue the sentencing beyond the original date of April 25, 2007, the Court, after considering the government's opposition, granted the motion but ordered that the defendant be detained pending sentencing.

    Initially, the defendant was ordered to surrender for detention by Friday, April 27, 2007, at 5 p.m.  On the unopposed motion of the defendant, however, the Court subsequently ordered that the defendant be allowed to surrender by Monday, April 30,

2007, at 5 p.m.[1]  The defendant has now moved the Court to re-consider the detention issue.

### Argument

The defendant argues first that he should remain on release pending sentencing because there are "exceptional reasons" supporting his release, as allowed for under 18 U.S.C. § 3145©. He then argues he should be released because the government has somehow waived its right to seek detention.  Neither argument has merit.

### Application of 18 U.S.C. § 3145©

As the government noted in its opposition to continuing sentencing, 18 U.S.C. § 3143(a)(2) requires detention for defendants found guilty of any crime of violence, unless the Court finds that there is a substantial likelihood that a motion for acquittal or new trial will be granted or an attorney for the government has recommended that no sentence of imprisonment be imposed.  The offense in this case is defined by statute as a crime of violence.  See 18 U.S.C. § 3156(a)(4)©.  After failing to make a substantive argument on the detention issue in his reply to the government's opposition, the defendant has now seized upon the following sentence in 18 U.S.C. § 3145©:

---

[1] The government agreed to the extension to allow the defendant to make an argument not addressed by either party in the prior filings or at the hearing on April 25.

> A person subject to detention pursuant to 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

The government agrees that this passage carves out a very narrow exception to what is essentially a mandatory detention statute for defendants who have been found guilty of certain qualifying offenses, such as violations of 18 U.S.C. § 2423(b), and who are awaiting sentencing. But it is an exception far too narrow for this defendant and this case.

There appears to be no caselaw interpreting this exception in this circuit. Indeed, the only application in this circuit of the provision that the government is aware of is its use in permitting cooperating defendants to engage in on-the-street cooperation even after pleading guilty to serious drug felonies, which also generally fall within the ambit of 18 U.S.C. § 3143(a)2). The government has no interest in utilizing this defendant in such fashion.

The defendant argues his exceptionalism on the basis of his lack of a prior record, his status as a "top student" in a masters program, his compliance with his release conditions, and --previewing his waiver argument--the fact that "the government did not move for [the defendant's] detention expressly under 18 U.S.C. § 3143 at the time of his [guilty] plea."

Briefly addressing the last point, the government did of course move for detention pending sentencing under section 3143 at the time of the guilty plea.  That is, after all, the primary U.S. Code section directly addressing release or detention of a defendant pending sentencing or appeal.  What the government failed to do at the time of the guilty plea--which it has acknowledged to this Court--was to argue that the defendant's offense was governed by the essentially mandatory detention provisions of <u>subsection (a)(2)</u>.

The defendant finds exceptionalism based on this error because it somehow gave him and his counsel the expectation "that this case would proceed normally through sentencing."  That argument might have had some force if the posture of this litigation were that the government, having discovered its error, moved the Court to reconsider the detention issue prior to the sentencing date or appealed from the order of release.  But the government did no such thing.  Rather, it was the defendant, finding himself--almost at the eleventh hour--no longer satisfied with more than 12 weeks between his guilty plea and sentencing, who moved the Court for an additional 6 weeks.  It defies logic that the defendant would expect the government to agree to such an extension--which would allow him to remain unincarcerated for

6 additional weeks--when the government sought his incarceration at the time of the guilty plea.[2]

As for the defendant's lack of a prior record, his compliance with release conditions, and his educational prowess, there simply is nothing exceptional there.  Indeed, the defendant drastically over-argues his point when he states that "this is clearly a case where 'the defendant led an exemplary life prior to [his] offense.'"  Defendant's Motion to Reconsider at 6 (quoting United States v. Garcia, 340 F.3d 1013, 1019 (9th Cir. 2003)).  As the government has advised the Court, without serious contradiction to date from the defense, there is powerful evidence that the defendant used the internet to sexually proposition a person he believed to be a minor six months prior to the offense in this case.  Of course, the offense in this case began the same way, and then concluded with the defendant getting in a car and driving across state lines looking for the minor.  Can there be any real doubt that the defendant used the internet to communicate with and sexually proposition actual minors on other occasions?

As for his education and work as a student, if anything, that makes detention all the more appropriate, given that his field of study directly involves computers.  See United States v.

---

[2]Just as it did at presentment, successfully, and later at the time of the preliminary hearing, unsuccessfully.

Lea, 360 F.3d 401, 403-04 (2d Cir. 2004) (reversing order of release pending sentencing, and holding that "[t]here is nothing exceptional about going to school, being employed, or being a first-time offender, either separately or in combination.").

Nor is there anything exceptional about complying with conditions imposed by the Court as a condition of release. Doing what is required by law, upon pain of the sanction of contempt, can hardly be deemed exceptional.

### The Waiver Issue

The defendant's argument as to waiver is a red herring. The government opposed a continuance in the defendant's sentencing because it would allow him to remain in the community, when he should have been incarcerated at least since the time of the guilty plea. The government's failure to articulate the proper standard for detention at that earlier moment in time does not permit the Court to ignore the law governing detention when it is brought to the Court's attention.

The government does agree that the wrong version of the plea agreement was filed with the Court, as the filed version prohibits the defendant from seeking release after the guilty plea. The correct version is silent on the issue of detention pending sentencing, a concession that allowed the defendant to make his arguments on that point. Removal of the original provision on detention did not prohibit the government from

making any argument for detention under section 3143. There is no other applicable statute governing detention pending sentencing. And, of course, there was no defense argument made that when the government sought detention following the guilty plea there was somehow a breach of the agreement.

## Conclusion

The defendant's motion to reconsider should be denied.

>                          Respectfully submitted,
>
>                          JEFFREY A. TAYLOR
>                          UNITED STATES ATTORNEY
>
>                                /s/
>                   by: _____
>                          Michael C. Liebman
>                          Assistant United States Attorney
>                          D.C. Bar No. 479562
>                          555 Fourth Street, N.W., room 4231
>                          Washington, D.C.  20530
>                          353-2385